**STATE of Minnesota, Respondent,**

v.

**Roger Elvis MOORE, Appellant.**

**No. 50524.**

Supreme Court of Minnesota.

July 3, 1980.

**102** ■

C. Paul Jones, Public Defender, and Susan Maki, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon E. Bergstrom, Asst. County Atty., Chief, App. Section, David W. Larson, Asst. County Atty., and Thomas A. Weist, Minneapolis, for respondent.

SCOTT, Justice.

Defendant was found guilty by a district court jury of a charge of simple robbery, Minn.Stat. § 609.24 (1978), and was sentenced by the trial court to a limited maximum prison term of 3 years (instead of the 10 permitted by statute). Defendant raises three issues on appeal: sufficiency of evidence, admission of other-crime evidence, and failure of the trial court to sua sponte submit the lesser misdemeanor offense of theft by swindle of property valued at $100 or less, Minn.Stat. § 609.52, subd. 2(4) (1978). There is no merit to the second and third issues but our examination of the record convinces us that the evidence was legally insufficient to establish that the crime defendant committed was simple robbery. Accordingly, we reverse the judgment of conviction.

The victim testified at trial that he voluntarily entered defendant's car and agreed to buy marijuana from defendant. After withdrawing money from his savings account, the victim accompanied defendant from South Minneapolis to North Minneapolis. The victim did not claim force was used but testified that defendant threatened him; however, his testimony about the threats was vague and he never testified that he actually feared imminent use of force or that the threats caused him to give defendant the money. Indeed, he admitted that after he paid defendant the money he continued to believe that he was participating in a drug transaction. He exited defendant's car when defendant told him to but he intentionally left a bag lunch in the car because he believed that the deal was still on and that after defendant obtained the marijuana he would return and pick him up. After leaving the car, he waited for defendant for a period of time, still believing that defendant would return with the marijuana. It was only after waiting awhile that the victim "figured" that he had been "ripped off" or "swindled."

When he initially reported the crime the victim neglected to tell the police about the negotiation for the purchase of marijuana and he led the police to believe that a classic robbery had occurred. It was only later, as trial was starting, that the state learned about the drug transaction. The state continued the robbery prosecution because the victim continued to claim that a robbery had occurred. However, the victim's testimony at trial failed to support a robbery conviction. Defendant's conviction for simple robbery therefore is reversed.

Reversed.